**JIE ZHOU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–74794.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

312

Jie Zhou, Rowland Heights, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacey I. Young, Esq., Doj–U.S. Department of Justice Civil Div./Office of Immigration, Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Jie Zhou, a native and citizen of China, petitions for review of the Board of Immi-

gration Appeals' decision affirming an immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and deny the petition for review.

Even though the IJ erred in his one-year time bar finding, *see Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir.2009) ("Where ... the government alleges an alien's arrival date in the Notice to Appear, and the alien admits the government's allegation before the IJ, the allegations are considered judicial admissions rendering the arrival date undisputed."), substantial evidence supports the agency's adverse credibility determination because Zhou testified about the arrest and detention he suffered in a manner inconsistent with his declaration. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir.2007) (discrepancies between petitioner's testimony and declaration, *inter alia*, substantially support adverse credibility finding). Substantial evidence also supports the agency's specific and cogent demeanor finding. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir.2003).

In the absence of credible testimony, Zhou failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, because Zhou's CAT claim is based on the same testimony that the agency found not credible, and he points to no other evidence the agency should have considered, substantial evidence supports

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the agency's denial of CAT relief. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**